## In re LEVEY.
### No. 53471.

District Court, S. D. New York.
June 26, 1934.

Krause, Hirsch & Levin, of New York City (George C. Levin and Morris M. Marcus, both of New York City, of counsel), for trustee Irving Trust Co.

Newman & Bisco, of New York City (Leonard G. Bisco and Milton E. Lynn, both of New York City, of counsel), for Manufacturers' Trust Co.

COXE, District Judge.

I think it is clear from the stipulation of facts in this case that the payment of $7,437 made to the trust company on January 30, 1932, constituted a preferential transfer. The insolvency of the bankrupt was known on January 22, 1932, when the creditors' meeting was held, and the method employed to take up the note of the trust company was so involved and unnatural as to arouse the gravest suspicion. The note itself was not due until February 26, 1932, or nearly a month after the payment was made, and a proper inquiry by the trust company should have developed the real source from which the money came. If such an inquiry had been made, it would certainly have appeared that the trust company was not entitled to receive the money. The statement in the stipulation to the effect that the trust company did inquire at the time of the payment, and "was informed that the money represented by the said check was not the property of the bankrupt and was not provided by the bankrupt," is not only disingenuous but wholly insufficient under the facts disclosed.

The remaining contention pressed by the trust company requires little discussion, for it can hardly be doubted that the transfer to the bankrupt's wife of customers' checks aggregating $8,900 made four days before the creditors' meeting was held on January 22, 1932, was part of a preconceived plan to utilize a portion of the assets for the benefit of the bankrupt. Moreover, it requires something more than a stretch of the imagination to hold that by this transfer Mrs. Levey became a "paid creditor," and therefore had a right to use the proceeds of the checks in payment of the trust company's obligation. Mrs. Levey was at best only a creditor for $7,500, and the mere disparity in the figures is enough to refute the contention.

The petition to review is sustained, and the referee's order reversed.